# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00137-CR

**Eric Demond McGee, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 56385, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a plea of guilty, appellant Eric Demond McGee was convicted by the court of possessing between two hundred and four hundred grams of promethazine and sentenced to ten years' imprisonment. Appellant contends that his trial counsel did not render effective assistance. We will affirm the judgment of conviction.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable

professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). In most cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Id.* But if no reasonable trial strategy could justify trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law. *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

On June 14, 2004, an information was filed accusing appellant of possessing between four and two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2003). On the same day, appellant appeared in the district court, pleaded guilty without a plea bargain, and judicially confessed to the alleged offense. The court accepted the plea and ordered a presentence investigation.

On December 29, 2004, the case was recalled. Appellant took the stand and testified that he had been unaware of the cocaine found in his residence. He said that he had claimed ownership of the drug to protect his girlfriend, and that he had pleaded guilty to obtain a bond reduction. During his testimony, appellant admitted possessing cough syrup containing promethazine and codeine that had also been found in his residence. The cause was recessed without the court taking any further action.

At a hearing on January 6, 2005, appellant was permitted to withdraw his guilty plea to cocaine possession. At the same hearing, the State was permitted to amend the information to

2

allege that appellant possessed "promethazine in an amount of 200 grams or more but less than 400 grams." The prosecutor told the court that the newly alleged offense carried a punishment of ten to ninety-nine years, or life, and the court so advised appellant. The case was again continued.

On January 25, 2005, appellant pleaded guilty to the amended information without a plea bargain and after being admonished by the court that the offense was punishable by ten years to life in prison, and a $10,000 fine. He was adjudged guilty and sentenced to ten years' imprisonment. The district court subsequently placed him on shock probation.[1] *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (West Supp. 2005).

Appellant urges that his trial counsel was ineffective because he did not object to the court's use of an incorrect punishment range in admonishing him and in assessing his punishment. Appellant points out that possession of two hundred grams or more but less than four hundred grams of a penalty group one controlled substance is a first degree felony. Tex. Health & Safety Code Ann. § 481.115(e) (West 2003). First degree felonies are punishable by imprisonment for a minimum of five years. Tex. Pen. Code Ann. § 12.32(a) (West 2003). The trial court was obviously under the misapprehension that the offense alleged in the amended information was an aggravated drug offense carrying a ten-year minimum prison term. *See* Tex. Health & Safety Code Ann. § 481.115(f) (West 2003) (possession of four hundred grams or more of a penalty group one substance). Appellant argues that counsel's ineffectiveness prejudiced him because the court assessed what it thought was the minimum sentence.

---

[1] The shock probation order erroneously recites that appellant was convicted of cocaine possession.

By amending the information, the State clearly intended to accuse appellant of possessing promethazine with codeine, the substance he had, under oath, admitted possessing.[2] Codeine is a penalty group one controlled substance except that certain compounds, mixtures, and preparations containing a limited quantity of codeine are listed in penalty groups three and four. *Id*. § 481.102(3)(A) (West Supp. 2005), §§ 481.104(a)(4), 481.105(1) (West 2003). It is impossible to determine from the record the penalty group to which the codeine cough syrup in question belonged. If it was a penalty group one substance, which is the assumption of the parties on appeal, possession of the amount alleged constituted a first degree felony. *Id*. § 481.115(e). If the cough syrup was instead a penalty group three or four substance, possession in the amount alleged was a second degree felony. *Id*. § 481.117(d), .118(d). Second degree felonies are punishable by imprisonment for two to twenty years. Tex. Pen. Code Ann. § 12.33(a) (West 2003).

In the absence of a plea bargain, no reasonable trial strategy could justify counsel allowing the court to assess punishment by reference to a punishment range that, under any possible circumstance, exceeded that applicable to the offense his client pleaded guilty to committing. But while we believe that counsel did not perform effectively under the circumstances, appellant has failed to demonstrate that his defense was prejudiced so as to deny him a fair trial. The ten-year sentence assessed by the court falls within the punishment range applicable to both first and second degree felonies. The record reflects that in assessing punishment, the court intended to later consider granting shock probation (which the court in fact granted). While it is possible, as appellant would

---

[2] As previously noted, however, the substance alleged was simply promethazine. Promethazine in and of itself is not a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.032 (West Supp. 2005) (schedules), §§ 481.102-.105 (West 2003 & Supp. 2005) (penalty groups).

have it, that the court intended to assess the minimum punishment and erroneously believed that ten years was the minimum, it is equally possible that the court chose ten years because it was the maximum sentence for which probation was possible. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3(e) (West Supp. 2005). Appellant has not satisfied his burden of showing a reasonable probability that a different result—in this case, a sentence of less than ten years— would have occurred but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694.

  The point of error is overruled and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: June 16, 2006

Do Not Publish